# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 15-CV-5061 (JFB) (AKT)

ANDREW KAMPURIES,

Plaintiff,

VERSUS

AMERICAN HONDA MOTOR CO., INC., TRW AUTOMOTIVE HOLDING CORP,
AND AUTOLIV ASP INC.,

Defendants.

**MEMORANDUM AND ORDER**
September 6, 2016

JOSEPH F. BIANCO, District Judge:

Plaintiff, Andrew Kampuries (hereinafter, "plaintiff"), proceeding *pro se*, brings this action asserting a claim for negligence, including design defect, manufacturing defect, and failure to warn, and a claim for fraudulent concealment.

Defendants, American Honda Motor Co., Inc. (hereinafter, "Honda"), TRW Automotive Holding Corp (hereinafter, "TRW"), and Autoliv Asp Inc. (hereinafter, "Autoliv") (collectively, hereinafter, "defendants") now move to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons set forth below, defendants' motions to dismiss are granted. In particular, the Court concludes that plaintiff's claims are barred by the statute of limitations, plaintiff has failed to state a claim for fraudulent concealment, and there is no basis for equitable tolling of his claims.

I. BACKGROUND

A. Factual Background

The following facts are taken from plaintiff's filings, and are not findings of fact by the Court. Instead, the Court will assume these facts to be true and, for purposes of the pending motion to dismiss, will construe them in a light most favorable to plaintiff, the non-moving party.

On December 5, 2007, plaintiff, while driving his 2006 Honda Civic, drifted off the road and struck a tree. (Pl.'s Opp'n to Honda's Mot. to Dismiss (hereinafter, "Honda Opp'n") 13, ECF No. 42.) Plaintiff claims that, although he was traveling at 55 miles per hour, his airbag did not deploy upon impact. (*Id.*)

Over seven years later, on April 6, 2015, allegedly prompted by an October 2014 recall notice he received concerning malfunctioning Takata brand airbags installed in certain Honda vehicles,[1] plaintiff filed a complaint against Honda and Takata in the Southern District of Florida as part of a pending class action related to defective Takata airbag inflators used in Honda cars. However, it was later determined that plaintiff's vehicle contained an Autoliv, not Takata, brand airbag inflator, and therefore his case was removed from the class action and transferred to this Court. (*See* ECF No. 21; Ex. to Honda Opp'n 176, ECF No. 42-1.) Plaintiff thereafter added Autoliv and TRW as defendants. (ECF Nos. 29, 30, 36.)

Plaintiff's amended complaint, filed September 21, 2015, alleges only that "this was negligent and [r]eckless not alerting the public for years and hided (sic) this [d]eath trap car from my self (sic) and family,[ ]not knowing if the airbags will deploy or not." (Am. Compl. 1, ECF No. 33.) His oppositions to defendants' motions to dismiss elaborate somewhat on these allegations, asserting that "[d]uring the accident, the Autoliv[ ]airbag with trw.aribag (sic) sensor installed in the 2006 Honda [C]ivic failed to deploy," and that "[t]he speed and circumstances of the accident were such that the airbag, if not defective, should have deployed." (Honda Opp'n 13; *see also* Pl.'s Opp'n to Autoliv and TRW's Mots. to Dismiss (hereinafter, "Autoliv/TRW Opp'n") 2, ECF No. 54.)

He further contends that, "upon information and belief, Honda has known of the [i]nflator [d]efect in the Honda airbags in Honda's vehicles since 2000 s (sic) . . . [and] [t]he [v]ehicle [m]anufacturer [d]efendats[2] have known or should have known of the [i]nflator [d]efect in the Honda airbags since 2000[3]." (*Id.* at 3.) He claims, however, that defendants "concealed from or failed to notify [him] and the public of the full and complete nature of the [i]nflator [d]efect" and that they "actively concealed the true character, quality and nature of the vehicles and knowingly made misrepresentations about the quality, reliability, characteristics and performance of the vehicles." (*Id.*)

Finally, he states that "[t]his is a cause of action for negligence, including design defect, manufacturing defect, and failure to warn." (*Id.* at 2.) However, based on the allegations in his amended complaint and oppositions, it appears he also seeks to assert a claim for fraudulent concealment.

B.  Procedural History

Honda filed its motion to dismiss plaintiff's amended complaint on October 14, 2015 (ECF No. 31), and plaintiff submitted a document, presumably intended to be his opposition, on November 2, 2015 (ECF No.

---

[1] Plaintiff provides one of the recall notices he received, which states: "Honda has decided that a defect which relates to motor vehicle safety exists in certain 2003-07 model year Accord vehicles. . . . Specifically, in some vehicles, the passenger's front airbag inflator could produce excessive internal pressure upon deployment[,] . . . [causing] metal fragments . . . to pass through the airbag cushion material possibly causing serious injury or fatality." (Ex. to Honda Opp'n 4.)

[2] Plaintiff does not identify who the "vehicle manufacturer defendants" are, but presumably, he intends to refer to defendants Autoliv and TRW.

[3] In plaintiff's opposition to Honda's motion to dismiss, he alleges that the "vehicle manufacturer defendants" knew of these issues since 2008. (Honda Opp'n 3.) However, a month later, in his opposition to Autoliv and TRW's motions to dismiss, he states that the vehicle manufacturer defendants knew about the inflator defects since 2000. (Autoliv/TRW Opp'n 3.) Although, for purposes of the instant motion, the Court assumes that the allegations in the later-filed document are accurate, this discrepancy in the dates does not impact the Court's analysis.

42). On November 23, 2015, Autoliv moved to dismiss (ECF No. 48), and on December 2, 2015, TRW moved to dismiss (ECF No. 52). Plaintiff filed a letter with the Court on December 21, 2015 (ECF No. 54), on which he wrote "opposition," though he did not specify whether he was responding to Autoliv's motion, TRW's motion, or both. Honda, Autoliv, and TRW replied on November 30, 2015, January 6, 2016, and January 13, 2016, respectively. (*See* ECF Nos. 49, 57, 58.) The Court has considered all of the parties' submissions.

II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662 (2009). The Court instructed district courts first to "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

The Court notes that in adjudicating a Rule 12(b)(6) motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part & rev'd in part on other grounds sub nom. Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005).

Finally, where, as here, the plaintiff is proceeding *pro se*, courts are "'obliged to construe his pleadings liberally.'" *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)); *see also McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (stating that a *pro se* plaintiff's pleadings must be interpreted "to raise the strongest arguments that they suggest" (citation and internal quotation marks omitted)). However, a *pro se* plaintiff's complaint, while liberally interpreted, still must "'state a claim to relief that is plausible on its face.'" *Mancuso v.*

*Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. 662); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

III. DISCUSSION

A. Timeliness of Claims

1. Statutes of Limitations

"It has long been established as a matter of federal law that state statutes of limitations govern the timeliness of state law claims under federal diversity jurisdiction[,] [and that] [s]tate law also determines the related questions of what events serve to commence an action and to toll the statute of limitations in such cases." *Personis v. Oiler*, 889 F.2d 424, 426 (2d Cir. 1989).

In addition, "[b]ecause the statute of limitations is an affirmative defense, the defendant bears the burden of establishing by prima facie proof that the limitations period has expired since the plaintiff's claims accrued." *Overall v. Estate of Klotz*, 52 F.3d 398, 403 (2d Cir. 1995). "However, the plaintiff bears the burden of proving that a particular statute of limitation has been tolled." *Voiceone Commc'ns, LLC v. Google Inc.*, No. 12 CIV. 9433(PGG), 2014 WL 10936546, at *8 (S.D.N.Y. Mar. 31, 2014) (quoting *Cuccolo v. Lipsky, Goodkin & Co.*, 826 F. Supp. 763, 767 n.3 (S.D.N.Y. 1993)).

Plaintiff asserts a claim for "negligence, including design defect, manufacturing defect, and failure to warn." (Autoliv/TRW Opp'n 2.) Negligence causes of action relating to personal injuries sustained as a result of an allegedly defective product are subject to a three-year statute of limitations in New York. *See Hanlon v. Gliatech, Inc.*, No. CV-07-1737 SJF AKT, 2008 WL 4773430, at *2, *4 (E.D.N.Y. Oct. 27, 2008) (recognizing that three-year statute of limitations applies to negligence claims that assert that "a defective product has been the cause of personal injury"); *see also* N.Y. C.P.L.R. § 214(5).

Plaintiff also makes a claim for fraudulent concealment. In New York, fraud claims must be asserted within the greater of "six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it."[4] N.Y. C.P.L.R. § 213(8).

Accordingly, to be timely, plaintiff's negligence claim must have accrued within three years, and plaintiff's fraudulent concealment claim must have accrued, at most, six years, prior to the filing of the complaint in April 2015. Defendants argue that the claims accrued at the time of plaintiff's accident in 2007 and, therefore, are time-barred and subject to dismissal. Plaintiff, however, argues that his causes of action did not accrue until he discovered that the airbag that defendants installed in his vehicle was defective, which he claims did not occur until he received the October 2014[5]

---

[4] Notwithstanding the general six-year limitations period for fraud claims, plaintiff's fraudulent concealment claim is most likely subject to a three-year statute of limitations "because the claim is merely incidental to the negligence claim." *Fisher v. APP Pharm., LLC*, 783 F. Supp. 2d 424, 429 (S.D.N.Y. 2011) (fraudulent concealment claim was subject to three-year statute of limitations because it was based on failure to disclose product design defect and, therefore, was merely incidental to negligence claim).

However, given that plaintiff's fraudulent concealment claim is untimely under the more generous six-year limitations period and insufficiently pled, *see infra*, the Court need not decide this issue.

[5] Although plaintiff claims that it was the October 2014 recall notice that alerted him to the fact that his vehicle had a defective airbag, it appears that he received other recall notices prior to this date. (*See* Honda Opp'n 13 (stating in October 2015 that he had

recall notice from Honda regarding malfunctioning airbags. (Autoliv/TRW Opp'n 2 ("The causes of action alleged herein did not accrue until myself discovered that [defendants] vehicles had the defective airbags[]. However, I had no realistic ability to discern that the vehicles were defective until – at the earliest – after either the defective airbag or my vehicles were recalled.").)

2. Timeliness of Negligence Claim

"It is well established that in any action to recover damages for negligence[,] . . . the plaintiff's claim accrues upon the date of injury," *Brooklyn Union Gas Co. v. Hunter Turbo Corp.*, 660 N.Y.S.2d 877, 878 (App. Div. 1997), "even if the plaintiff is unaware that he or she has a cause of action" at the time of injury, *Woodlaurel, Inc. v. Wittman*, 606 N.Y.S.2d 39, 40 (App. Div. 1993). *See also Kronos, Inc. v. AVX Corp.*, 612 N.E.2d 289, 291-92 (N.Y. 1993) ("[A] tort cause of action cannot accrue until an injury is sustained. That, rather than the wrongful act of defendant or discovery of the injury by plaintiff, is the relevant date for marking accrual." (internal citations omitted)). "The rationale is that the injury puts the putative plaintiff on inquiry notice and, therefore, charges him or her 'with responsibility for investigating, within the limitations period, all potential claims and all potential defendants.'" *Zimmerman v. Poly Prep Country Day Sch.*, 888 F. Supp. 2d 317, 337 (E.D.N.Y. 2012) (quoting *Doe v. Archdiocese of Wash.*, 689 A.2d 634, 644 (Md. 1997) and citing *Zumpano*, 849 N.E.2d 926 (N.Y. 2006)).

Thus, plaintiff's negligence claim accrued on December 5, 2007, the date he was injured when the purportedly defective airbag did not deploy, rather than, as he contends, in October 2014, when he supposedly discovered that his injuries were attributable to defendants' alleged negligence in designing his airbag. *See, e.g.*, *Greenwald v. City of New York*, No. 06-CV-2864 RJD JMA, 2012 WL 6962297, at *1, *8 (E.D.N.Y. July 19, 2012) ("New York law is clear that . . . statutes of limitations commence running upon commission of a wrong, irrespective of a plaintiff's ignorance of that wrong or its cause."); *Caronia v. Philip Morris USA, Inc.*, No. 06-CV-224 CBA/SMG, 2010 WL 520558, at *4 (E.D.N.Y. Feb. 11, 2010) ("[N]egligence claims accrue, at latest, at the time of the injury caused by [the defendant's] allegedly defective product."), *aff'd*, 715 F.3d 417 (2d Cir. 2013), c*ertified question accepted*, 990 N.E.2d 130 (N.Y. 2013), *and certified question answered*, 5 N.E.3d 11 (N.Y. 2013); *Owens v. Presbyterian Hosp. in City of New York*, No. 94 CIV. 6004 (RPP), 1995 WL 464950, at *3 (S.D.N.Y. Aug. 4, 1995) (noting that "[t]he New York Court of Appeals has consistently rejected the argument that the statute of limitations accrues upon discovery of the alleged negligence" and holding that plaintiff's claim accrued on the date of the hospital visit when doctors failed to detect his cracked rib, not several years later when he learned that the hospital had negligently failed to discover the cracked rib), *aff'd sub nom. Owens v. Presbyterian Hosp.*, 101 F.3d 682 (2d Cir. 1996); *Semenza v. Lilly's Nails*, 983 N.Y.S.2d 20, 21 (App. Div. 2014) (plaintiff's claim against nail salon accrued when she sought medical treatment for a cut sustained during pedicure, not on the later date when she discovered that her pain was caused by a sliver of a razor that had become embedded in her foot during the pedicure); *Playford v. Phelps Memorial Hosp. Ctr.*, 680 N.Y.S.2d 267 (App. Div. 1998) (holding that the statute

---

received several recall notices from Honda during the "last three years").)

of limitations for a negligence cause of action began to run on the date that the plaintiff was injured by the swapping of her test results with another patient's, not several years later, when she learned that the defendant had negligently switched her results); *City of Niagara Falls v. Rudolph*, 469 N.Y.S.2d 42, 43 (App. Div. 1983) (claims based on negligence accrued at the time of the injury, not later when the defective and negligently performed work was uncovered).[6]

Because plaintiff's claim accrued at the time of his accident in 2007, but his lawsuit was not filed until 2015, his negligence claim is untimely and must be dismissed.

### 3. Timeliness of Fraudulent Concealment Claim

A fraud claim, in contrast, can accrue on the date that the plaintiff *discovers* the fraud. *See* N.Y. C.P.L.R. § 213(8). As indicated above, it is plaintiff's position that he did not discover the supposed fraud until he received the October 2014 recall notice, alerting him to defects with Takata airbags. This contention is improbable (and, in fact, impossible).[7] Given that plaintiff's argument is that defendants hid from him the fact that his airbag was defective and would not deploy, this supposed fraud would actually have been uncovered as soon as plaintiff

---

[6] Although this issue is controlled by New York State law on accrual of claims, the Court notes, as a point of reference, that courts in other jurisdictions that have been presented with arguments similar to plaintiff's have likewise ruled that the cause of action accrues when the injury is sustained, not when the plaintiff allegedly uncovers that the product was defective. *See, e.g.*, *Santiago-Padilla v. Budget Rent-A-Car Caribbean Corp.*, No. CIV. 06-1573 (JAF), 2007 WL 188588, at *3 (D.P.R. Jan. 22, 2007) (statute of limitations on the plaintiffs' claim began to run on the date of their automobile accident, not when they later learned that the manufacturer had issued a safety recall notice with respect to the vehicle they were driving at the time of the accident); *Norris v. Yamaha Motor Corp. U.S.A.*, No. 2008 CA 00296, 2009 WL 2509407, at *5 (Ohio Ct. App. Aug. 17, 2009) (concluding that negligence claim against the defendant vehicle manufacturer accrued at the time of the accident which resulted in the plaintiff's injuries, rather than at the time the plaintiff became aware of a letter from the defendant warning of a possible defect with his off-road vehicle); *Baxley v. Harley-Davidson Motor Co.*, 875 N.E.2d 989, 991 (Ohio Ct. App. 2007) (holding that the plaintiff's cause of action accrued on the date of his motorcycle accident, not when he subsequently received a recall notice advising him of a defect with this motorcycle); *Hazel v. Gen. Motors Corp.*, 863 F. Supp. 435 (W.D. Ky. 1994) (ruling that the plaintiff's products liability claim accrued when the plaintiff's truck rolled over and exploded, as opposed to later when he saw a television program concerning the faulty design of his truck), *aff'd in part and remanded*, 83 F.3d 422 (6th Cir. 1996); *Mine Safety Appliances v. Stiles*, 756 P.2d 288, 292 (Alaska 1988) (concluding that the plaintiff's claim accrued at the time of his injury, not at a later date when he "actually discovered evidence supporting his claim that his safety helmet was defectively designed").

The Court also acknowledges that there are other cases that hold that the claim does not accrue until the plaintiff learns of the design defect. *See, e.g.*, *In re Bridgestone/Firestone, Inc.*, 200 F. Supp. 2d 983, 990 (S.D. Ind. 2002) (concluding that the plaintiffs' causes of action to recover for injuries sustained when their tires exploded, causing them to crash, accrued, not when they "knew that their injuries were caused by their tires," but rather, once they learned "that their injuries were caused by a defect in the tires"); *Anson v. Am. Motors Corp.*, 747 P.2d 581, 586 (Ariz. Ct. App. 1987). However, in addition to being inconsistent with the law in New York, the Court is also persuaded that this approach is not appropriate in the instant case because plaintiff could have had no question that the airbag was defective when it did not deploy, given that an airbag's singular purpose is to inflate upon impact.

[7] It does not appear that the notices could actually have alerted plaintiff to the defect from which he alleges his airbag suffered. The one notice he provided to the Court warned that metal fragments could be released when the *passenger* airbag *deployed*, whereas in plaintiff's case, he alleges that the *driver's* airbag *did not deploy*. (*See* Ex. to Honda Opp'n 4.)

crashed and his airbag did not inflate.[8] Thus, as plaintiff must have discovered the alleged fraud at the time of his accident in 2007, and his fraudulent concealment claim was not asserted until 2015—well after the limitations period had run[9]—his claim is untimely.

### B. Sufficiency of Fraudulent Concealment Claim

Moreover, in the alternative, even if it were timely, the Court concludes that plaintiff's fraudulent concealment claim fails to state a cause of action. "A cause of action sounding in fraud must allege that the defendant knowingly misrepresented or concealed a material fact for the purpose of inducing another party to rely upon it, and that the other party justifiably relied upon such misrepresentation or concealment to his or her own detriment." *Schwatka v. Super Millwork, Inc.*, 965 N.Y.S.2d 547, 550 (App. Div. 2013). "[F]raudulent concealment requires, in addition to allegations of scienter, reliance, and damages, an allegation that the defendant had a duty to disclose material information and that it failed to do so." *Id.* (quoting *High Tides, LLC v. DeMichele*, 931 N.Y.S.2d 377, 380 (App. Div. 2011)). "Claims of fraud must be pled with particularity, under both New York and Federal rules of procedure." *Boniel v. U.S. Bank N.A.*, No. 1:12-CV-3809 ERK MDG, 2013 WL 458298, at *2 (E.D.N.Y. Feb. 6, 2013) (citing Fed. R. Civ. P. 9(b) and N.Y. C.P.L.R. § 3016(b)).

Here, plaintiff has failed to state a claim for fraudulent concealment. Plaintiff offers only the conclusory assertion that defendants knew about defects in the airbags since 2000, but "concealed from or failed to notify [him] and the public of the full and complete nature of the [i]nflator [d]efect . . . [and] knowingly made misrepresentations about the quality, reliability, characteristics and performance of the vehicles." (*See* Autoliv/TRW Opp'n 3.)

---

[8] For the same reason, plaintiff's attempt to argue that the statute of limitations should be equitably tolled based on defendants' alleged concealment of his defective airbag must also fail. As an initial matter, equitable tolling "is a doctrine generally applied to federal, as opposed to state, causes of action." *Kwas v. Intergraph Gov't Sols.*, No. 15CV5897JFBAYS, 2016 WL 4502039, at *3 (E.D.N.Y. Aug. 24, 2016); *Von Hoffmann v. Prudential Ins. Co. of Am.*, 202 F. Supp. 2d 252, 264 (S.D.N.Y. 2002) ("The doctrine of equitable tolling does not apply to these state law claims, as the doctrine only tolls the statute of limitations with regard to federally created causes of action."); *Jang Ho Choi v. Beautri Realty Corp.*, 22 N.Y.S.3d 431, 432 (App. Div. 2016) ("[T]he doctrine of equitable tolling is not available in state causes of action in New York."); *Shared Commc'ns Servs. of ESR, Inc. v. Goldman, Sachs & Co.*, 832 N.Y.S.2d 32, 33-34 (App. Div. 2007) ("The doctrine of equitable tolling is generally applied to federal causes of action in New York."); *but see De Sole v. Knoedler Gallery, LLC*, 137 F. Supp. 3d 387, 423 (S.D.N.Y. 2015) ("'Under New York law, the doctrines of equitable tolling or equitable estoppel may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.'" (quoting *Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 451, 462 (S.D.N.Y. 2014))). However, even if appropriately invoked here, equitable tolling (or equitable estoppel) would not apply. As explained above, plaintiff cannot argue that defendants fraudulently concealed his cause of action until he received the recall notice because his suit against defendants is grounded on the alleged defective non-deployment of his airbag; thus, as soon as the airbag did not inflate, his claims against defendants would have been readily apparent. (Plaintiff even appears to acknowledge this fact, stating that "[t]he speed and circumstances of the accident were such that the airbag, if not defective, should have deployed." (Honda Opp'n 13.)) Accordingly, no basis for equitable tolling (or equitable estoppel) exists.

[9] As noted, New York law provides that a plaintiff has six years from the date that the fraud accrued or two years from the date the plaintiff discovers the fraud to file his action. Under either standard, plaintiff's claim, filed over seven years after the accident, would be untimely.

He makes no other factual allegations to support his claim that defendants were aware that his airbag was defective, that they concealed this information from him, or that they made any misrepresentations to him. Such flimsy and unfounded allegations are insufficient to make out a claim for fraudulent concealment. *See, e.g.*, *Schwatka*, 965 N.Y.S.2d at 550-51 (dismissing fraudulent concealment claim because the complaint was "devoid of any factual details regarding the manner in which the defendants knowingly concealed their alleged knowledge of the defects"); *see also Rafter v. Liddle*, 704 F. Supp. 2d 370, 377-78 (S.D.N.Y. 2010) (plaintiff failed to plead sufficient facts to support a fraudulent concealment claim where allegations were "general, conclusory, and unsupported by factual underpinnings" and the plaintiff failed to allege "with any particularity what Defendants did to conceal any material information"). Nor has he provided any allegations suggesting that defendants owed him a duty to disclose material information. *See Kallista, S.A. v. White & Williams LLP*, 27 N.Y.S.3d 332, 345 (Sup. Ct. 2016) (dismissing fraudulent concealment cause of action where complaint was "barren of any allegation that Defendants had a duty to disclose material information . . . or any facts that would support the imposition of such a duty").[10]

Accordingly, plaintiff has failed to state a claim for fraudulent concealment.

### IV. Leave to Replead

Although plaintiff has not requested leave to replead, the Court has also considered whether plaintiff should be given an opportunity to do so. The Second Circuit has emphasized that "[a] *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotation marks omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend should be denied only for reasons such as undue delay, bad faith, futility of the amendment or prejudice to the other party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Aetna Casualty & Surety Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603 (2d Cir. 2005). The Court shall not permit plaintiff to replead his claims, as they are time-barred (with no basis for equitable tolling), and therefore any amendment would be futile.

---

[10] Although a duty to disclose may be imposed when one party possesses special knowledge that is not available to the party with which it is dealing, and the first party knows that the second party is acting on misinformation, *see, e.g.*, *Travelers Indem. Co. of Illinois v. CDL Hotels USA, Inc.*, 322 F. Supp. 2d 482, 499 (S.D.N.Y. 2004), this obligation is not applicable in the instant case, as plaintiff has not sufficiently alleged that defendants possessed any special knowledge they had a duty to share. *Mandarin Trading Ltd. v. Wildenstein*, 851 N.Y.S.2d 71 (Sup. Ct. 2007), *aff'd*, 884 N.Y.S.2d 47 (App. Div. 2009), *aff'd*, 944 N.E.2d 1104 (N.Y. 2011).

## V. CONCLUSION

For the foregoing reasons, the Court concludes that defendants' motions to dismiss plaintiff's amended complaint should be granted.[11] The Clerk of the Court shall enter judgment and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: September 6, 2016
Central Islip, NY

\* \* \*

Plaintiff proceeds *pro se*. American Honda Motor Co., Inc. is represented by Grace Jang, Segal McCambridge Singer and Mahoney, 850 Third Avenue, Suite 1100, New York, NY 10022. TRW Automotive Holding Corp is represented by James C. Ughetta and Brian Keith Gibson, Littleton Joyce Ughetta Park & Kelly LLP, 4 Manhattanville Road, Suite 202, Purchase, NY 10577; and Matthew Coveler and Benjamin T. Zinnecker, Weinstein Tippetts & Little LLP, 7500 San Felipe, Suite 500, Houston, TX 77063. Autoliv Asp Inc. is represented by Peter Joseph Fazio, Aaronson, Rappaport, Feinstein & Deutsch, 600 Third Avenue, New York, NY 10016.

---

[11] TRW also asserts that the claims against it should be dismissed because it is not subject to personal jurisdiction in New York. Given that the Court has dismissed plaintiff's complaint on alternative grounds, it need not, and does not, reach this argument.