UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 15-CV-5061 (JFB)(AKT)
_____

ANDREW KAMPURIES,

                        Plaintiff,

VERSUS

AMERICAN HONDA MOTOR CO., INC., TRW AUTOMOTIVE HOLDINGS CORP., AND AUTOLIV ASP. INC.,

                        Defendants.

_____

**MEMORANDUM AND ORDER**
July 17, 2018
_____

JOSEPH F. BIANCO, District Judge:

On September 6, 2016, the Court dismissed *pro se* plaintiff's claims against American Honda Motor Co., Inc. ("Honda"), TRW Automotive Holdings Corp. ("TRW"), and Autoliv Asp. Inc. ("Autoliv," and collectively, "defendants"), and ordered the Clerk of the Court to enter judgment and close this case. Plaintiff now moves to reopen and transfer the case to a pending class action in the United States District Court for the Southern District of Florida ("the Takata MDL"). For the reasons that follow, plaintiff's motion is denied.

I. BACKGROUND

Plaintiff's case arose from a December 2007 car accident in which plaintiff struck a tree while driving his 2006 Honda Civic. (ECF No. 59 at 1.) Plaintiff claimed that, although he was traveling at 55 miles per hour, his driver side airbag did not deploy upon impact. (*Id.*) Over seven years later, on April 6, 2015, allegedly prompted by an October 2014 recall notice he received concerning malfunctioning Takata brand airbags installed in certain Honda vehicles, plaintiff filed a complaint against Honda and Takata Airbag Corporation in the Southern District of Florida as part of a pending class action related to defective Takata airbag inflators used in Honda vehicles. (*Id.* at 2.)

It was later determined that plaintiff's vehicle contained an Autoliv, not a Takata, airbag inflator, and therefore his case was removed from the class action and transferred to this Court on August 31, 2015. (*Id.*; *see also* Transfer Order, ECF No. 21.)

Plaintiff filed an Amended Complaint against defendants on September 21, 2015. (ECF No. 33.) The Amended Complaint added Autoliv and TRW as defendants, and alleged claims for negligence (including design defect, manufacturing defect, and failure to warn) and fraudulent concealment. (*See generally id.*) By Order dated September 6, 2016, this Court dismissed plaintiff's claims, concluding that his negligence and fraudulent concealment claims were barred by the statute of limitations. (ECF No. 59 at 4-7.) The Court further held that, even if plaintiff's fraudulent concealment claim was timely, it failed to state a cause of action because it was not pled with the requisite particularity. In particular, the Court held that plaintiff failed to allege that defendants were aware that plaintiff's airbag was defective, that they concealed this information from him, or that they made any misrepresentations to him. (*Id.* at 7-8.) The Court denied plaintiff leave to re-plead his claims, as they were time-barred and there was no basis for equitable tolling. (*Id.* at 8.)

More than one year later, by letters dated November 27, 2017, plaintiff moved to reopen and transfer the case to the Takata MDL. (ECF Nos. 61-62.) Defendant Honda opposed the motion by letter filed on December 5, 2017. (ECF No. 63.) On December 22, 2017, plaintiff filed a reply letter in support of his motions. (ECF No. 64.) Honda filed a supplemental letter in opposition to plaintiff's motion on December 29, 2017. (ECF No. 66.)

The basis for plaintiff's motion to reopen this case appears to be a January 10, 2017 recall notice he received from Honda for the passenger side Takata airbag inflator in his previously owned 2006 Honda Civic. (ECF No. 61 at 4-7.) That recall notice provides, "the passenger frontal airbag inflator in your vehicle may rupture when deploying during a crash." (*Id.* at 5.) Plaintiff now contends that this 2017 recall notice demonstrates that his "case was misrepresented by false and misleading information provided by the [defendants'] attorney during the initial trial." (ECF No. 64 at 1.) Specifically, plaintiff points to a November 25, 2015 declaration by John Turley in further support of Honda's motion to dismiss that stated, "the [supplemental restraint system] in Mr. Kampuries' 2006 Civic was *not* equipped with a Takata brand SRS inflator; and so, the subject 2006 Civic . . . was not within the population of vehicles recalled; that is true for both the driver and for the passenger side airbags or SRS." (ECF No. 49 at 19.) That declaration continues, "I have also confirmed that Mr. Kampuries' 2006 Civic was not subject to any Recall or Service Bulletin for the repair, replacement or correction of any known technical condition(s) with respect to the performance or the function of that vehicle's SRS, or Autoliv SRS inflators that were installed." (*Id.*)

In response to the instant motions, Honda denies that any misrepresentation or false information was transmitted during the underlying case. (ECF No. 63 at 1.) Although Honda acknowledges that John Turley's declaration contained "an unfortunate and inartful recitation about the non-deployed passenger airbag," it contends that the passenger side airbag, which is the subject of the January 2017 recall notice, was not at issue in this case. (*Id.*) Further, Honda

2

maintains that the driver side airbag in plaintiff's vehicle was manufactured by Autoliv, not Takata, and did not deploy at the time of plaintiff's accident. (*Id.*) Therefore, Honda contends, the January 2017 recall notice has no relation to this case or the Takata MDL. (*Id.*)

II. STANDARD OF REVIEW

"Federal Rule of Civil Procedure 60(b) governs motions for relief from a final judgment or order and provides six independent grounds for relief." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005). The Second Circuit has instructed that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *accord United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Under Rule 60(c), motions made pursuant to Rule 60(b) "must be made within a reasonable time," and motions based on grounds (1), (2), and (3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The provisions are mutually exclusive, *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993), and a court "may treat a motion to vacate a prior judgment as having been made under 60(b)(6) only if the other, more specific grounds for relief encompassed by the rule are inapplicable," *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 55 (2d Cir. 1989); *see also Oparaji v. N.Y.C. Dep't of Educ.*, No. 00-CV-5953, 2006 WL 2220836, at *2 (E.D.N.Y. July 20, 2006) (quoting *Maduakolam*, 866 F.2d at 55). Relief under the catch-all provision of Rule 60(b)(6) is reserved for cases presenting "extraordinary circumstances." *See Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001).

In evaluating a Rule 60(b) motion, courts in this circuit also require that the evidence in support of the motion be "highly convincing," that the movant show good cause for the failure to act sooner, and that no undue hardship be imposed on the other parties as a result. *See, e.g.*, *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987); *Williams v. N.Y.C. Dep't of Corr.*, 219 F.R.D. 78, 84 (S.D.N.Y. 2003). Although a *pro se* motion is read liberally and interpreted to raise the strongest arguments suggested, "a *pro se* litigant is not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion." *Alvarado v. Manhattan Worker Career Ctr.*, No. 01 Civ. 9288(CBM), 2003 WL 22462032, *2 (S.D.N.Y. Oct. 30, 2003); *accord Hall v. N. Bellmore Sch. Dist.*, 08-

3

CV-1999 (PKC), 2016 WL 4005792, *2 (E.D.N.Y. July 25, 2016).

### III. DISCUSSION

For the following reasons, the Court concludes that plaintiff's motion to reopen the case is time-barred and fails on the merits.

A. Plaintiff's Motion is Untimely

Though not specifically stated, it appears that plaintiff is moving to reopen his case under Rule 60(b)(2) regarding newly discovered evidence and Rule 60(b)(3) regarding misrepresentations by defendants.[1] A motion under each of these provisions must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). This one-year limitations period is "absolute." *E.g.*, *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000); *Long Island Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cty., Inc.*, 956 F. Supp. 2d 402, 413 (E.D.N.Y. 2013).

Here, the Court entered final judgment on September 6, 2016. (ECF No. 60.) Plaintiff filed the instant motion to reopen more than fourteen months later on November 27, 2017. (ECF No. 61.) Thus, because plaintiff's motion to reopen was not made within one year from entry of final judgment, as required for motions made under Rules 60(b)((2) and (3), his motion to reopen is time-barred.

B. Plaintiff's Motion Lacks Merit

Even if plaintiff's motion was timely, his motion lacks merit and should be denied on that ground as well. First, plaintiff fails to proffer evidence that is "of such importance that it probably would have changed the outcome" as required under Rule 60(b)(2). *See Azkour v. Little Rest Twelve*, No. 10-CV-4132, 2017 WL 1609125, at *5 (S.D.N.Y. Apr. 28, 2017) (citing *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001)). As noted, in support of his motion, plaintiff has submitted a recall notice dated January 10, 2017 regarding the front *passenger* side airbag of his 2006 Honda Civic. (ECF No. 61 at 4-7.) Specifically, the notice provides, "THE PASSENGER FRONTAL AIRBAG INFLATOR IN YOUR VEHICLE MAY RUPTURE WHEN DEPLOYING DURING A CRASH . . . HONDA SUGGESTS THAT YOU AVOID HAVING A PASSENGER SIT IN THE FRONT PASSENGER'S SEAT UNTIL THE RECALL REPAIR HAS BEEN PERFORMED." (*Id.* at 5.) On its face, the recall notice for front *passenger* side airbags is not relevant to plaintiff's contention that his Honda Civic's *driver* side airbag failed to operate during a 2007 crash. In other words, because plaintiff's case involved only the *driver* side airbag, a recall of Honda's *passenger* side airbags does not now bring plaintiff's claims to life. Thus, plaintiff's negligence claim, which was dismissed as untimely, and his fraudulent concealment

---

[1] To the extent that plaintiff's motion could be construed as seeking relief under Rule 60(b)(6) regarding "other reason[s] justifying relief," the Court rejects such a claim. First, a court "may treat a motion to vacate a prior judgment as having been made under 60(b)(6) only if the other, more specific grounds for relief encompassed by the rule are inapplicable"—a situation not present here, as plaintiff offers grounds which allege newly discovered evidence and misrepresentation under Rules 60(b)(2) and (3). *Maduakolam,* 866 F.2d at 55; *see also Oparaji*, 2006 WL 2220836, at *2. Second, relief under the catch-all provision of Rule 60(b)(6) is reserved for cases presenting "extraordinary circumstances." *Rodriguez*, 252 F.3d at 201. The Court finds that plaintiff has not demonstrated any extraordinary circumstance in this case that would merit relief from the judgment.

4

claim, which was dismissed as untimely and without merit, are not supported by this alleged new evidence of a recent passenger side airbag recall. Put simply, plaintiff's proffered "new evidence" would not have changed the Court's September 6, 2016 Memorandum and Order dismissing plaintiff's claims.

Second, plaintiff's contention that his case was "misrepresented by false and misleading information," (ECF No. 64 at 1), also lacks merit. In a Rule 60(b)(3) motion, the moving party must demonstrate by clear and convincing evidence that the adverse party engaged in fraud, misrepresentation, or other misconduct. *See Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989); *see also Travelers Cas. & Sur. Co. v. Crow & Sutton Assocs.*, 228 F.R.D. 125, 128 (N.D.N.Y. 2005) ("[A] party may not use Rule 60(b) to relitigate the merits of his claim."), *aff'd*, 172 F. App'x 382 (2d Cir. 2006). "To prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented [him] from fully and fairly presenting his case[,]" *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004), "and that the fraud is attributable to the party or, at least, to counsel," *Long Island Head Start Child Dev. Servs., Inc.*, 956 F. Supp. 2d at 410; *see also Thomas v. City of New York*, 293 F.R.D. 498, 503 (S.D.N.Y. 2013) ("To prevail on a motion . . . pursuant to Fed. R. Civ. P. 60(b)(3), the movant must show that (1) the adverse party engaged in fraud, misrepresentation or misconduct by clear and convincing evidence and that (2) such misconduct substantially interfered with the movant's ability to fully and fairly present its case."). A Rule 60(b)(3) motion cannot serve as an attempt to relitigate the merits of a previously determined motion. *See Fleming*, 865 F.2d at 484.

In the instant case, plaintiff appears to allege that Honda misrepresented, by way of a declaration submitted in support of its motion to dismiss, that neither the driver side airbag nor the passenger side airbag were manufactured by Takata. (*See generally* ECF No. 64.) However, according to Honda, the declaration "contained an unfortunate and inartful recitation about the non-deployed passenger airbag," which "was not even at issue, nor did it require mention during the motion practice." (ECF No. 66 at 1.) Honda points out that the *driver* side airbag in plaintiff's vehicle was the only airbag at issue in the case, and that airbag was manufactured by Autoliv, not Takata, and therefore was not subject to the Takata recall. (*Id.* at 1-2.) Thus, any mention of the passenger side airbag by Honda was extraneous and irrelevant to the Court's decision to dismiss plaintiff's claims.

Plaintiff's motion papers collectively refer to the "airbags" in his Honda Civic (*see* ECF No. 61 at 1; ECF No. 64 at 1); however, the only airbag at issue in the underlying case was the driver side airbag. The driver side airbag remains unaffected by this recent recall. Further, in the underlying case, plaintiff argued that the driver side airbag did not deploy at all, not that it "rupture[d]" in the manner described in the passenger side airbag recall notice. In sum, plaintiff cannot show by clear and convincing evidence that the alleged misrepresentations in Honda's declaration were material or prevented plaintiff from fully presenting his case. *See Fleming*, 865 F.2d at 484; *State St. Bank*, 374 F.3d at 176. Therefore, even if plaintiff's motion to reopen had been timely, it fails to

5

satisfy Rule 60(b)(3). Accordingly, plaintiff's motion is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that plaintiff's motion to reopen the case is time-barred and fails on the merits.[2] Accordingly, the Court denies plaintiff's motion.

SO ORDERED.

JOSEPH F. BIANCO
United States District Judge

Dated: July 17, 2018
Central Islip, NY

\*\*\*

Plaintiff proceeds *pro se*. American Honda Motor Co., Inc. is represented by Grace Jang of Segal McCambridge Singer & Mahoney, Ltd., 850 Third Avenue, Suite 1100, New York, New York 10022. TRW Automotive Holdings Corp. is represented by James C. Ughetta and Brian Keith Gibson of Littleton Joyce Ughetta Park & Kelly LLP, 4 Manhattanville Road, Suite 202, Purchase, New York 10577, and Matthew Coveler and Benjamin T. Zinnecker of Weinstein Tippetts & Little LLP, 7500 San Felipe, Suite 500, Houston, Texas 77063. Autoliv Asp. Inc. is represented by Peter Joseph Fazio of Aaronson, Rappaport, Feinstein & Deutsch, 600 Third Avenue, New York, New York 10016.

---

[2] In light of the fact that plaintiff's motion to reopen the case is denied, it not necessary for the Court to rule on plaintiff's motion to transfer the case to the Southern District of Florida.

6